In the Matter of the Estate of DOMINICK G. BODKIN, Deceased.

MARTIN R. BODKIN and JOHN GRIFFIN, Executors of and Trustees under the Last Will and Testament of DOMINICK G. BODKIN, Deceased, Appellants; MARGARET F. BODKIN, as Executrix, etc., of DOMINICK G. BODKIN, Deceased, Respondent.

*Surrogate — directions of, in respect to the management of an estate, where the executors disagree — condition of an adjournment — recital in an order appealed from that the appellant did not oppose.*

Where an executrix, upon an affidavit showing that she disagrees with her coexecutors respecting the custody of money and other property belonging to the estate, obtains an order requiring her coexecutors to show cause why the surrogate should not give directions in the premises, the surrogate may, as a condition of granting an application made by the coexecutors for an adjournment, require such coexecutors to sign and deliver to the executrix individually a check for moneys to which the latter is indisputably entitled.

Upon an appeal from an order, a recital therein that the attorney for the appellant appeared and did not oppose the granting of the order, is conclusive upon the Appellate Division and necessitates the affirmance of the order.

APPEAL by Martin R. Bodkin and John Griffin, executors of and trustees under the last will and testament of Dominick G. Bodkin, deceased, from three orders of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court and bearing date respectively the 15th day of June, 1903, the 26th day of June, 1903, and the 27th day of July, 1903.

*John R. Kuhn,* for the appellants.

*M. F. McGoldrick,* for the respondent.

WILLARD BARTLETT, J.:

This is a controversy between the executrix and the two executors of the will of Dominick G. Bodkin, deceased. Upon a petition and affidavit showing that she disagreed with her coexecutors, Martin R. Bodkin and John Griffin, respecting the custody of money and other property belonging to the estate, Margaret F. Bodkin, the executrix, obtained from the surrogate of Kings county an order, under section 2602 of the Code of Civil Procedure, requiring the

executors to show cause why the surrogate should not give directions in the premises. Upon the return of that order Mr. John R. Kuhn, representing the executors, applied for an adjournment, and the proceeding was duly adjourned by an order dated June 15, 1903. This is the first order from which the executors appeal. Of course they are not entitled to appeal from it so far as it grants the adjournment for which their counsel asked. It is apparent, however, that their real objection to the order relates to a further provision therein which requires the executors to sign and deliver to Margaret F. Bodkin, individually, a check drawn to her order for $1,386.18 for rents collected by the executors and deposited to the credit of the estate. The papers in the proceeding show, without dispute, that Margaret F. Bodkin, individually, was entitled to the money represented by this check; and it was entirely proper that the surrogate, in the exercise of his discretion, when asked to adjourn the proceeding, should make the desired adjournment conditional upon the signing and delivery of this check.

The second order sought to be reviewed amends the order of June 15, 1903, by reciting the answer of the executors as one of the papers upon which such first-mentioned order was made. This amendatory order was granted at the instance of the attorney for the executors, and the only part of which the appellants now complain is a clause at the end providing that "the order so amended remain in full force and effect." I have already expressed the opinion that the first order was right, and in any event this clause added nothing to its force or effect.

The third order attacked by this appeal was made upon the final return of the original order to show cause, and contains several directions as to the manner in which the executrix and her coexecutors shall manage the estate committed to their charge. The order recites that it is made after hearing M. F. McGoldrick, attorney for the petitioner, in favor of the application, and "John R. Kuhn, Esq., attorney for Martin Bodkin and John Griffin appearing and not opposing." This recital is conclusive upon us in this court and renders it unnecessary for us to inquire further into the propriety of the order. The executors cannot successfully attack an order which was made in the presence and with the knowledge of their counsel without any opposition on his part.

The orders of June 15 and July 27, 1903, should be affirmed, and the appeal from the order of June 26, 1903, should be dismissed.

GOODRICH, P. J., WOODWARD, JENKS and HOOKER, JJ., concurred.

Orders of June 15 and July 27, 1903, affirmed, and appeal from order of June 26, 1903, dismissed, with ten dollars costs and disbursements.